Date signed May 08, 2006



```
_____
         DUNCAN W. KEIR
       U. S. BANKRUPTCY JUDGE
```

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| **In re:** | : | |
| **Tracey A. Brown** | : | **CASE NO. 06-10534-DK** |
| | | **CHAPTER 13** |
| **Debtor** | : | |

_____

### Memorandum of Decision

This matter has come before the court on the court's own Order To Show Cause Why Foreclosure Sale Should Not Be Found Void As A Violation Of The Automatic Stay (the "Order to Show Cause"). The specific issue for decision is the validity of a foreclosure sale that was conducted after the petition date and before dismissal, where the debtor was subsequently found to be ineligible for bankruptcy relief pursuant to Section 109(h) of the Bankruptcy Code, as enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 11 Stat. 23, which became effective October 17, 2005.

The court held a hearing on the Order to Show Cause on April 4, 2006, and for the reasons set forth on the record, as well as in this Memorandum of Decision, the court holds that all of the actions of John S. Burson, the substitute trustee under the deed of trust (hereinafter referred to as

"Burson") to foreclose on the Debtor's home[1] after the date of the Debtor's petition, were a violation of the automatic stay. Consequently, the sale is void. Further, certain conduct by Burson taken in connection with the foreclosure warrants imposition of sanctions on Burson pursuant to Section 362(k)(1).

Background

Tracey A. Brown ("Debtor"), by counsel using the court's electronic case filing system ("CM/ECF"), filed a voluntary bankruptcy petition under chapter 13 on February 2, 2006. Appended to the Debtor's petition were the statement of financial affairs, schedules and creditor matrix. Approximately thirty minutes later, Debtor, again by counsel, filed an amended voluntary petition to correct a formatting error. At that time, counsel also submitted Debtor's chapter 13 plan. Finally, two hours later (still on February 2, 2006), counsel submitted a second amended voluntary petition which included Debtor's Motion to Waive Budget and Credit Counseling.[2]

On February 9, 2006, the court reviewed the Certification Requesting Waiver, and upon finding that it did not comply with Section 109(h)(3)(A),[3] entered an Order Finding Certification Not

---

[1] The property foreclosed upon is located at 929 Foxcroft Lane, Baltimore, Maryland 21221 (hereinafter referred to as the "Property").

[2] The Motion was reviewed by the Court as a certification under Section 109(h)(3), hereinafter referred to as "Certification Requesting Waiver."

[3] Section 109(h)(3)(A) provides:
Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that-- ( I ) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
  (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain

Satisfactory and Dismissing Case (the "Dismissal Order"). Debtor thereafter filed a Motion to Reinstate Case and Vacate Order of Dismissal on February 22, 2006, and in support thereof submitted a certificate documenting that she had received credit counseling on February 16, 2006. Burson filed an Opposition to the Debtor's Motion.

Because Debtor had received the credit counseling post-petition, and in accordance with this court's opinion in *In re Childs*, 335 B.R. 623 (Bankr. D. Md. 2005), the court denied the Debtor's Motion and found that the case could not be reinstated because Debtor was ineligible under Section 109(h).[4]

Both the Debtor's Motion and Burson's Opposition thereto informed this court that after the filing of this bankruptcy case and while the Certification Requesting Waiver was pending before this court, Burson proceeded to auction the Property at foreclosure with full knowledge of the filings described hereinabove.[5]

Discussion

There is no dispute that Burson's action in conducting the foreclosure auction after the filing of the petition instituting this bankruptcy case would violate a stay imposed by Section 362(a)(1) and

---

the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
    (iii) is satisfactory to the court.

[4]The Debtor's Motion did not assert that the court erred in finding that the Certification Requesting Waiver did not satisfy the requirements of Section 109(h)(3). Rather Debtor's Motion argued that the post-petition counseling should be sufficient to enable Debtor to have the case reinstated.

[5]No motion for relief from stay, or to determine existence of the automatic stay was filed by Burson or any other party at any time.

(4). Burson instead asserts that because Debtor filed this case without complying with Section 109(h)(1)[6] and because the Certification Requesting Waiver did not appear to meet the requirements of Section 109(h)(3)(A), no automatic stay was created by the filing of the petition instituting this case. Although not set forth in Burson's Response to the Order to Show Cause, at the hearing upon the Order to Show Cause, Burson argued that the filing of a petition by a debtor who is not eligible under Section 109(h)(1), or alternatively Section 109(h)(3)(A), did not create an automatic stay under Section 362(a), notwithstanding that the question of eligibility pursuant to a Certification Requesting Waiver was pending a determination by the court.

Section 362(a) mandates that except as provided in subsection (b) of that Section, "a petition filed under section 301. . . operates as a stay, applicable to all entities. . . ."

Section 301 of the Bankruptcy Code provides:

> (a) A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter *by an entity that may be a debtor under such chapter*.
> (b) The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 301 (2005) (emphasis added). It is argued by Burson that the automatic stay arises only upon the filing of a petition by a person that meets the eligibility requirements of Section 109.

The question of the effect of a filing of a petition by an ineligible debtor has been addressed

---

[6] According to Burson's response, after being informed of the bankruptcy filing and after a review of the case docket revealed no certificate of credit counseling, a person in Burson's firm spoke with counsel for Debtor to "advise that the sale would not be stopped without a credit counseling certificate and to confirm that there was no mistake." Burson's Response to Order to Show Cause, filed March 31, 2006, at p.2., ¶4.

by courts prior to the changes wrought by BAPCPA. Most often the issue of eligibility arose under either Section 109(e) or Section 109(g). Most courts agreed that the automatic stay arose upon the filing of a petition under chapter 13 by a debtor that was later determined to be ineligible pursuant to Section 109(e),[7] as the question of eligibility was not always determinable at the time of filing and required further evidence and court action.[8] *E.g., Shaw v. Erlich (In re Shaw)*, 294 B.R. 260 (W.D. Va. 2003), *aff'd sub nom., In re Wiencko*, 99 Fed. Appx. 466 (4th Cir. 2004)(unpublished); *In re Verdunn,* 210 B.R. 621 (Bankr. M.D.Fla. 1997); *Franklin Fed. Bancorp v. Lochamy (In re Lochamy)*, 197 B.R. 384 (Bankr. N.D.Ga. 1995). *See also In re Tatsis*, 72 B.R. 908 (Bankr.

---

[7]Section 109(e) provides that only an individual with regular income that owes noncontingent, liquidated debts of less than the limits set therein, may be a debtor under chapter 13.

[8]The United States District Court in *Shaw v. Ehrlich (In re Shaw)*, 294 B.R. 260 (W.D.Va. 2003), explained:
> If the automatic stay were not in fact "automatic" upon the filing of a petition, but instead relied on a decision of a bankruptcy court as to the merits of the debtor's petition, the race to collect that Congress feared in the absence of the automatic stay could still occur. . . . The burden would be on the debtor to petition the court and prove his eligibility under the chapter in which he filed. Until the debtor acted, creditors could claim ignorance as to the debtor's eligibility and act to collect on their claims in hopes that the bankruptcy court would find no merit in the debtor's petition.

*Id.* at 267-68. The court continued:
> The Fourth Circuit has not made exceptions of the immediate and automatic application of the stay, even in cases of a petitioner seeking to cause creditors hardship or delay by abusing the protections of the bankruptcy system and filing in bad faith. . . . If the Fourth Circuit views bad faith petitioners as eligible for the protections of the automatic stay until their petitions are dismissed, mistaken filers who are eligible for some form of relief under Title 11 but file under a different chapter should certainly be protected by the automatic stay until a bankruptcy court reaches the merits of their petitions.

*Id*. at 268 (citing *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir. 1989)).

W.D.N.C. 1987)(permitting debtor ineligible for chapter 13 under Section 109(e) to convert case to chapter 7 and rejecting creditor's argument that the filing was a nullity due to ineligibility).

However, courts remained divided over whether an automatic stay arose upon the filing of a petition filed in violation of Section 109(g).[9] Some courts determined that a filing by an ineligible debtor did not "commence" a case as described in Section 301 and therefore the petition was stricken. *E.g., Rowe v. Ocwen Federal Bank & Trust*, 220 B.R. 591 (E.D. Tex. 1997)(discussing a "dismissal" of the case, but otherwise finding the filing a "nullity")*; In re McKay*, 268 B.R. 908 (Bankr. W.D. Va. 2001); *In re Hollberg*, 208 B.R. 755 (Bankr. D.D.C. 1997)(*but see In re Hawkins*, __ B.R. __, 2006 WL 1071682 (Bankr. D.D.C. 2006)); *In re Pelletier*, 2000 WL 33673780 (Bankr. M.D.N.C. 2000); *In re Miller*, 143 B.R. 815 (Bankr. E.D. Pa. 1994); *In re Prud'Homme*, 161 B.R. 747 (Bankr. E.D.N.Y. 1993). Other courts disagreed and found that a case was commenced and subsequently was terminated by dismissal. *E.g., In re Flores*, 291 B.R. 44 (Bankr. S.D.N.Y. 2003); *In re Stuart*, 297 B.R. 665 (Bankr. S.D. Ga. 2003).

Subsequent to the BAPCPA amendments, which include new subsection (h) to Section

---

[9]Section 109(g) states:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if --

    (1)the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

    (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g).

109, courts have addressed the issue of the effect of the filing of a petition by a debtor that is ineligible under this new subsection. As with the pre-BAPCPA cases, the courts' decisions have varied. In *In re Rios*, 336 B.R. 177 (Bankr. S.D.N.Y. 2005) and *In re Hubbard*, 333 B.R. 377 (Bankr. S.D. Tex. 2005), the courts found that a petition by an ineligible debtor must be stricken, rather than dismissed, so as to void the filing *ab initio*.[10] However, other courts have disagreed and held that dismissal was the proper remedy upon determination that the credit counseling requirement had not been satisfied and that the exigency certification was deficient, as opposed to the petitions being stricken, *ab initio*. *E.g., In re Tomco*, 339 B.R. 145 (Bankr. W.D. Pa. 2006); *In re Ross*, 338 B.R. 134 (Bankr. N.D. Ga. 2006).

Since this court's oral ruling at hearing, two additional courts have issued decisions directly addressing the effect of the filing of a bankruptcy petition by a debtor not eligible pursuant to Section 109(h). The two opinions highlight the judicial split that has developed.

In *In re Salazar*, 339 B.R.622 (Bankr. S.D. Tex. 2006), the debtors filed a petition without having obtained pre-petition credit counseling. Their home was foreclosed upon after the filing of the petition and without any entry of order that would have terminated or modified an automatic

---

[10]Interestingly, the *Rios* court's holding was largely based upon the stated purpose of protecting the debtor from the effect of recent changes to the Bankruptcy Code limiting the duration and availability of the automatic stay in accordance with Sections 362(c)(3) and (c)(4). *Rios*, 336 B.R. at 180. The court cautioned that parties-in-interest should proceed with caution and cannot be certain that there is no automatic stay until such time as the court has stricken the petition. *Rios*, 336 B.R. at 180 n2. *See also Hubbard,* 333 B.R. at 388 ("'dismissal' of a case under the new Act may have substantially different implications than the 'striking' of a petition, [therefore] the Court must consider the appropriate remedy.").

stay. The court decided that no automatic stay had been created by the filing of the petition and hence the foreclosure was not in violation of such stay. Contrary to the interpretation found by the court in *In re Tomco,* the *Salazar* court interpreted Section 302[11] to mean that a bankruptcy case was not commenced if a petition is filed by a debtor that is ineligible to be a debtor under the Chapter for which the petition was filed. In reaching this determination, the *Salazar* court appears to give a narrow reading of Section 302 which reading would be inconsistent with the outcome of numerous cases involving ineligibility under Section 109(e).

In contrast, the other recent opinion is *In re Hawkins*, __ B.R. __, 2006 WL 1071682 (Bankr. D.D.C. 2006). In *Hawkins*, the court had before it a case where it did not initially appear that the debtor had fulfilled the prepetition credit counseling requirement of Section 109(h). The court concluded that the filing of a case by a debtor that may be ineligible under Section 109(h) does confer subject matter jurisdiction on the court to determine the question of eligibility. Further, *Hawkins* holds that:

> Section 362(b)(21) must be read as implying that the automatic stay is in effect while the court makes this threshold determination of jurisdiction. A petition by an ineligible debtor gives rise to a case in this limited sense and to an automatic stay until the case is dismissed. In other words, § 362 must be read as giving rise to an automatic stay when a petition is asserted to be filed under §§ 301, 302, or 303.

*Id.* at *3.

The ruling by this court in the case *sub judice* is consistent with the decision expressed by

---

[11]The *Salazar* case was a joint case, the commencement of which was governed by Section 302. Section 301, with virtually identical language, governs the commencement of a case by a single individual debtor.

- 8 -

the United States Bankruptcy Court for the District of Columbia in *Hawkins* and this court respectfully finds the decision in *Salazar* unpersuasive. This court holds that Congress has decided with surgical clarity, the question of whether the filing of a petition by a debtor that is not eligible under Section 109 creates an automatic stay. Section 362(b)(21) was added to the Bankruptcy Code by BAPCPA and reads as follows:

> The filing of a petition under section 301. . . does not operate as a stay---
> under section (a), of any act to enforce any lien against or security interest in real property --
> > (A) if the debtor is ineligible under section 109(g) to be a debtor under this title; or
> > (B) if the case under this title was filed in violation of a bankruptcy court order in a prior case under this title prohibiting the debtor from being a debtor in another case under this title. . . .

11 U.S.C. § 362(b)(21).

This Section explicitly provides that where the debtor is ineligible under Subsection (g), the automatic stay does not stay "any act to enforce any lien against or security interest in real property." This provision would be completely superfluous if no automatic stay arose as a result of the filing by a debtor who was ineligible under any part of Section 109 (including subsection (h)), to be a debtor under the chapter selected in the petition. It is a common rule of statutory construction that no section should be construed so as to render another section superfluous. *See e.g., Hibbs v. Winn*, 542 U.S. 88, 101, 124 S.Ct. 2276, 2286, 159 L.Ed.2d 172 (2004); *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998); *U.S. v. Ryan-Webster*, 353 F.3d 353 (4th Cir. 2003).

The result reached by the court in *Salazar* cannot be reconciled with Section 362(b)(21)

as enacted by Congress. The exception from the effect of the automatic stay set forth in this provision is limited to where a debtor is ineligible under Subsection (g) of Section 109 and therefore is expressly not applicable to a debtor ineligible under Section 109(h) or (e). The result found in *Salazar* would, in effect, eliminate the expressed "(g)" from Section 362(b)(21)(A). This court, to the contrary, finds that if Congress had intended that no stay arise by the filing of a petition by a debtor found to be ineligible under any provision of Section 109, Congress would not have expressly enacted the limitation in Section 362(b)(21). Congress limited the exception to the automatic stay to cases filed by debtors that are ineligible under subsection (g) of Section 109 and even in such cases the exception allows only acts to enforce a lien or security interest in real property. The *Salazar* decision would completely eliminate both restrictions.

Congress has shown that it is both able and willing to restrict the effect of the automatic stay where it intends to do so, not only under the twenty-eight subparts of Section 362(b), but under other provisions including Section 362(c)(4) and Section 362(n). Congress obviously knew of the issue raised by conflicting opinions pre-BAPCPA as to the effect of the filing by an ineligible debtor under Section 109. It has legislated a carefully defined exception to the stay thus also clearly indicating what are the limits of such exception.

The distinction between the effect of a filing by an ineligible debtor under Section 109(h) as opposed to Section 109(g) is not illogical , nor does it lead to an absurd result. Where a debtor files a petition under circumstances rendering the debtor ineligible under Section 109(g), all facts necessary for a creditor or other party-in-interest to correctly assess the ineligibility of the debtor are matters of public record and not subject to factual dispute or pending court decision. Ineligibility under

Section 109(g) is triggered by the dismissal of a prior case within 180 days of the filing of the petition in the subsequent case and the dismissal was for reason of disobedience of a court order, or after a motion for relief from stay had been filed in the prior case.[12]  All predicate prior events for the triggering of the ineligibility under Subsection (g) are reflected in the public records of the prior case accessible by any creditor including through the PACER System.  Therefore, Section 362(b)(21) creates no confusion or uncertainty in the subsequent case.

However, ineligibility under Section 109(e) or Section 109(h) cannot be ascertained by a creditor until a ruling by the court.  Whether a debtor is eligible to be a debtor under Chapter 13 under the debt limits set forth in Section 109(e), is often disputed.  An issue is frequently litigated as to whether or not certain debts must be included within a calculation of the limitations, or excluded under the provisions requiring such debts to be non-contingent and liquidated.

Ineligibility under Section 109(h)(1) occurs where the debtor has not received a required briefing on credit counseling within 180 days proceeding the filing of the petition and is not granted a waiver under Section 109(h)(3).  Even where the debtor has not filed a certificate of credit counseling or certification requesting waiver, there is no indisputable and unambiguous indication of the debtor's ineligibility.  Eligibility under Section 109(h) is not dependent upon the filing of a certificate of credit counseling.  Rather, the debtor is not eligible if the debtor did not receive the credit counseling and is not entitled to a waiver.

Section 521(b) requires the debtor to file a certificate from the approved non-profit budget

---

[12] *See In re Jarboe*, 177 B.R. 242 (Bankr. D. Md. 1995)(discussing Section 109(g)).

and credit counseling agency that provided the services required by Section 109(h), as well as a copy of any debt repayment plan developed through that agency. Rules 1007(b) and (c) of the interim rules adopted by this Court's Administrative Order 05-02, require that the certificate of credit counseling and debt repayment plan be filed with the petition, or that a certification requesting waiver be filed with the petition.

Generally this court will by order dismiss a case for reason of apparent lack of eligibility under Section 109(h) if no certificate of credit counseling, or certification requesting waiver, is filed. However, numerous cases have been filed in this district since the effective date of BAPCPA in which the debtor had received the credit counseling within the 180 days preceding the petition filing as required, but for various reasons including attorney error and/or unfamiliarity with CM/ECF, the filing of the certificate evidencing such pre-petition counseling was delayed. In such cases the court may excuse the lateness of the filing of the certificate and vacate any dismissal order because the debtor was eligible. Clearly, where, as in this case, Debtor filed a Certification Requesting Waiver of the pre-petition counseling requirement under Section 109(h)(3), it could not be ascertained by a creditor whether such certification would be found sufficient under the statutory requirements of Section 109(h) and satisfactory to the court, until the court enters an order determining this question.[13]

Where Congress has spoken with precision, the court should not conclude that Congress intended a broader, or different result, particularly where there is an obvious rational basis for the delineations set forth in the statute. For the reasons stated above, this court holds that the filing of a

---

[13] The fact that Burson guessed correctly as to what would subsequently be the court's finding as to the request contained in the Certification Requesting Waiver is immaterial.

petition by a debtor who is ineligible to be a debtor pursuant to Section 109(h)(1), with or without a certification requesting waiver under Section 109(h)(3), does create an automatic stay under Section 362(a).

As stated above, there is no dispute that the foreclosure actions taken by Burson violated Section 362(a) and the foreclosure is accordingly void.[14]  This court has not been asked to grant relief from the automatic stay *nunc pro tunc* by annulling the stay and sees no basis to do so *sua sponte*. Further, the violation of the stay occurred with full knowledge by Burson of the filing of the bankruptcy case.  For this reason and for the reasons set forth on the record at the conclusion of the hearing, this court has awarded consequential damages to reimburse Debtor for her consequential expenses. However, because the violation of stay did not result from an intentional misconduct although the act itself was willful, this court will not award further damages including punitive damages.  An Order in conformity with this holding has been entered.

cc:     All Parties
        All Counsel

**End of Memorandum**

---

[14] *See e.g., In re Lampkin*, 116 B.R. 450 (Bankr. D. Md. 1990)(finding that actions taken in violation of the automatic stay are void *ab initio*).